RECEIVED
BY MAIL
OCT 13 2026
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
CAPE GIRARDEAU

**Tyler Justin Murphy**
**1660 CR 445**
**Birch Tree, MO 65438**
**Telephone: (417) 505-9040**
**Email: KingLordEzekiel@icloud.com**
TYLER JUSTIN MURPHY, PRO SE

**UNITED STATES DISTRICT COURT**
**COUNTY OF EASTERN DISTRICT OF MISSOURI SOUTHEASTERN DIVISION**

| | |
|---|---|
| **TYLER JUSTIN MURPHY**<br>Plaintiffs,<br><br>vs.<br><br>**META PLATFORMS INC.**<br>Defendants | Case No.: [CASE NUMBER — not yet assigned]<br><br>**COMPLAINT** |

## COMPLAINT

**JURY TRIAL DEMANDED**

Plaintiff Tyler Justin Murphy, appearing pro se, files this Complaint against Defendant Meta Platforms, Inc., and alleges as follows:

### I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331, which confers original jurisdiction over civil actions arising under the laws of the United States, including claims under the Copyright Act, 17 U.S.C. § 501 et seq., and the Defend Trade Secrets Act, 18 U.S.C. § 1836 et seq.

2. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), which permits federal courts to exercise supplemental jurisdiction

over all other claims that form part of the same case or controversy as the claims over which the court has original jurisdiction.

3. Venue is proper in the United States District Court for the Eastern District of Missouri pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events giving rise to the claims occurred in Shannon County, Missouri, within the Southeastern Division of this District, where Defendant's agents allegedly entered Plaintiff's home at 1660 CR 445, Birch Tree, Missouri 65438, and where Plaintiff suffered ongoing harm.

## II. PARTIES

4. Plaintiff Tyler Justin Murphy is an individual residing at 1660 CR 445, Birch Tree, Missouri 65438, in Shannon County, Missouri. Plaintiff appears pro se in this action. Plaintiff is a member of the LGBTQ+ community.

5. Defendant Meta Platforms, Inc. is a Delaware corporation with its principal place of business at 1 Hacker Way, Menlo Park, California 94025. Meta Platforms, Inc. is a multinational technology corporation that operates social media platforms, virtual reality systems, and other digital services worldwide. Meta Platforms, Inc. may be served through its registered agent for service of process.

6. Mark Zuckerberg is the Chief Executive Officer of Meta Platforms, Inc., and acted as an agent of Defendant in the conduct alleged herein.

## III. FACTUAL BACKGROUND

7. Plaintiff is the creator and developer of numerous original intellectual property works and confidential business concepts, including but not limited to: a proprietary price action trading theory and technique; the Omnico Collective; the OMNI cryptomoney system; the Trek Collective; the Orgi Collective; the Sym system; the Dyn system; Strike

League Simulations; the Kingdom of Light concept; the Kingdom of Light Universal Army Viper Drones; and the Unico Accelerator and all its contents.

8. Plaintiff created these works through years of independent thought, research, and development, beginning prior to 2012 and continuing to the present.

9. Plaintiff maintained these works as confidential proprietary information, protecting them from public disclosure and deriving independent economic value from their secrecy.

10. Beginning on or about January 1, 2012, and continuing through the date of filing this Complaint, Defendant Meta Platforms, Inc., through its officers, directors, employees, agents, and representatives, including CEO Mark Zuckerberg, engaged in a systematic and ongoing campaign to harm Plaintiff and misappropriate Plaintiff's intellectual property and personal information.

11. Defendant, through its agents and employees, acquired unauthorized access to Plaintiff's confidential intellectual property works and concepts listed in paragraph 7, without Plaintiff's knowledge or consent, and through improper means.

12. Defendant used, copied, distributed, and otherwise exploited Plaintiff's intellectual property works without authorization, causing Plaintiff substantial economic harm and depriving Plaintiff of the value of these works.

13. On multiple occasions from 2012 through the present, agents and employees of Defendant physically entered Plaintiff's home at 1660 CR 445, Birch Tree, Missouri 65438, without Plaintiff's permission or legal authority to do so.

14. During these unauthorized entries, Defendant's agents and employees caused physical damage to Plaintiff's personal property at the residence.

15. Beginning in or around 2012 and continuing through the present, Defendant, through its agents and employees, deployed electromagnetic devices and directed energy technologies to cause physical harm to Plaintiff.

16. These devices and technologies subjected Plaintiff to harmful electromagnetic radiation, including voice-to-skull microwave radiation, that caused Plaintiff to experience severe physical injuries, including neurological damage to Plaintiff's pituitary gland.

17. The deployment of these harmful technologies constituted intentional harmful physical contact with Plaintiff's body and caused Plaintiff to apprehend imminent harmful contact on numerous occasions.

18. The physical contact and harm caused by these technologies was unconsented, offensive, and caused Plaintiff severe bodily injury and pain.

19. Defendant, through its agents and employees, subjected Plaintiff to continuous surveillance, monitoring, and tracking of Plaintiff's activities, communications, and private information.

20. Defendant used artificial intelligence systems to generate intrusive experiences that invaded Plaintiff's privacy and psychological well-being, causing severe emotional distress and psychological suffering.

21. Defendant's conduct was motivated, at least in part, by discriminatory animus toward Plaintiff based on Plaintiff's status as a member of the LGBTQ+ community, constituting hate-crime-motivated targeting.

22. The cumulative effect of Defendant's conduct has been extreme and outrageous, going beyond all bounds of decency tolerated in a civilized society.

23. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered severe emotional distress, including anxiety, fear, humiliation, psychological trauma, and mental anguish.

24. Plaintiff's emotional distress has been accompanied by physical manifestations of harm, including neurological damage, bodily injury, and ongoing physical pain and suffering.

25. Plaintiff reported certain incidents that occurred in 2020 to the Federal Bureau of Investigation in 2020 and again in 2023.

26. Plaintiff possesses supporting evidence documenting these events, including a document titled "Writ of Homicidal" and information published on survivor websites located at www.MichaelsWorkflow.com, www.MichaelsTruth.com, and www.TylersTruth.com, which serve as complementary documentation of the ongoing harm.
27. Defendant's unlawful conduct is ongoing and continues through the date of filing this Complaint, causing Plaintiff continuing and irreparable injury.
28. Plaintiff has no adequate remedy at law for the ongoing surveillance, monitoring, targeting, and use of Plaintiff's intellectual property by Defendant, and will suffer irreparable harm absent injunctive relief.

## IV. CAUSES OF ACTION

### COUNT I: COPYRIGHT INFRINGEMENT (17 U.S.C. § 501 et seq.)

29. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.
30. Plaintiff is the author and owner of original works of authorship fixed in tangible media of expression, including the price action trading theory and technique, the Omnico Collective, the OMNI cryptomoney system, the Trek Collective, the Orgi Collective, the Sym system, the Dyn system, Strike League Simulations, the Kingdom of Light, the Kingdom of Light Universal Army Viper Drones, and the Unico Accelerator and all its contents.
31. These works constitute original works of authorship within the meaning of 17 U.S.C. § 102(a), including literary works, pictorial and graphic works, and other works embodying Plaintiff's original creative expression.
32. Plaintiff has not yet registered these copyrighted works with the United States Copyright Office. Pursuant to 17 U.S.C. § 411(a) and Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC, 586 U.S. 296, 299-300 (2019), registration is generally a prerequisite to filing suit for copyright infringement. Plaintiff intends to pursue copyright

registration as a prerequisite to prosecuting this claim and will supplement this Complaint with registration certificates or refusals as required by law.

33. Defendant, without authorization or license from Plaintiff, has copied, reproduced, distributed, displayed, and otherwise exploited Plaintiff's copyrighted works in violation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

34. Defendant's infringement has been willful and deliberate.

35. As a direct and proximate result of Defendant's copyright infringement, Plaintiff has suffered and continues to suffer damages, including lost profits, diminution in the value of Plaintiff's copyrighted works, and other economic harm.

36. Plaintiff is entitled to recover actual damages and Defendant's profits attributable to the infringement pursuant to 17 U.S.C. § 504(a)(1) and (b), injunctive relief pursuant to 17 U.S.C. § 502(a), and such other relief as the Court deems just.

37. The acts of infringement alleged herein have occurred within three years preceding the filing of this Complaint and are ongoing, satisfying the statute of limitations set forth in 17 U.S.C. § 507(b).

**COUNT II: TRADE SECRET MISAPPROPRIATION (18 U.S.C. § 1836)**

38. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

39. The intellectual property works identified in paragraph 7, including the price action trading theory and technique, the Omnico Collective, the OMNI cryptomoney system, the Trek Collective, the Orgi Collective, the Sym system, the Dyn system, Strike League Simulations, the Kingdom of Light, the Kingdom of Light Universal Army Viper Drones, and the Unico Accelerator and all its contents, constitute trade secrets within the meaning of 18 U.S.C. § 1839(3).

40. Each of these works is information that derives independent economic value, actual or potential, from not being generally known to and not being readily ascertainable

through proper means by another person who can obtain economic value from the disclosure or use of the information.

41. Plaintiff has made reasonable efforts to maintain the secrecy of this information, including limiting disclosure and protecting the information from public dissemination.

42. On or after May 11, 2016, the effective date of the Defend Trade Secrets Act of 2016, Pub. L. No. 114-153, § 2(e), 130 Stat. 376, 381-82 (2016), and continuing through the date of filing this Complaint, Defendant acquired Plaintiff's trade secrets through improper means, including unauthorized access, misappropriation, and use of information obtained without Plaintiff's consent.

43. Defendant knew or should have known that the trade secrets were acquired through improper means and were subject to Plaintiff's confidentiality rights.

44. Defendant used, disclosed, and continues to use and disclose Plaintiff's trade secrets without Plaintiff's express or implied consent, in violation of 18 U.S.C. § 1836(b)(1).

45. Defendant's misappropriation has been willful and malicious within the meaning of 18 U.S.C. § 1836(b)(3)(C).

46. As a direct and proximate result of Defendant's misappropriation, Plaintiff has suffered and continues to suffer damages, including economic loss, unjust enrichment of Defendant, and loss of the value inherent in the secrecy of the trade secrets.

47. The acts of misappropriation alleged herein have occurred within three years preceding the filing of this Complaint and are ongoing, satisfying the statute of limitations set forth in 18 U.S.C. § 1836(d).

48. Plaintiff is entitled to injunctive relief pursuant to 18 U.S.C. § 1836(b)(3)(A), damages for actual loss and unjust enrichment pursuant to 18 U.S.C. § 1836(b)(3)(B), exemplary damages not exceeding two times the amount of actual damages for willful and malicious misappropriation pursuant to 18 U.S.C. § 1836(b)(3)(C), and such other relief as the Court deems just.

**COUNT III: TRESPASS TO LAND (Missouri Common Law)**

49. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

50. Plaintiff is the lawful occupant of real property located at 1660 CR 445, Birch Tree, Missouri 65438, and possesses the right to exclude others from that property.

51. On multiple occasions from 2012 through the present, Defendant's agents and employees intentionally entered Plaintiff's property at 1660 CR 445, Birch Tree, Missouri 65438, without Plaintiff's permission, invitation, or legal authority.

52. Under Missouri law, trespass to land occurs when a person intentionally enters land in the possession of another without permission. Cover v. Phillips Pipe Line Co., 454 S.W.2d 507, 512-13 (Mo. 1970).

53. Defendant's unauthorized entries were intentional, unprivileged, and wrongful.

54. As a direct and proximate result of Defendant's trespass, Plaintiff has suffered damages, including invasion of Plaintiff's privacy, interference with Plaintiff's quiet enjoyment of the property, property damage, and emotional distress.

55. The trespass is ongoing and Plaintiff continues to suffer harm.

56. These acts of trespass occurred within the five-year statute of limitations for trespass actions under Mo. Rev. Stat. § 516.120.

**COUNT IV: CONVERSION (Missouri Common Law)**

57. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

58. Plaintiff is the lawful owner of personal property located at 1660 CR 445, Birch Tree, Missouri 65438, and of the intellectual property works described in paragraph 7.

59. Defendant, through its agents and employees, intentionally exercised unauthorized control and dominion over Plaintiff's personal property, including by damaging, destroying, or appropriating Plaintiff's tangible property at Plaintiff's residence and by misappropriating Plaintiff's intellectual property works.

60. Under Missouri law, conversion is the unauthorized assumption and exercise of the right of ownership over goods belonging to another, to the exclusion of the owner's rights. Emerick v. Mut. Benefit Life Ins. Co., 756 S.W.2d 513, 523-26 (Mo. banc 1988).

61. Defendant's exercise of control over Plaintiff's property was without Plaintiff's consent and was adverse to Plaintiff's ownership rights.

62. As a direct and proximate result of Defendant's conversion, Plaintiff has suffered damages, including loss of use of the property, diminution in value, and the cost of repair or replacement.

63. These acts of conversion occurred within the five-year statute of limitations for conversion actions under Mo. Rev. Stat. § 516.120.

**COUNT V: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (Missouri Common Law)**

64. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

65. Defendant, through its officers, directors, employees, and agents, intentionally and recklessly engaged in extreme and outrageous conduct toward Plaintiff, including: (a) deploying harmful electromagnetic devices and directed energy technologies to cause Plaintiff physical injury; (b) subjecting Plaintiff to continuous surveillance and monitoring; (c) using artificial intelligence to generate intrusive experiences invading Plaintiff's privacy; (d) physically entering Plaintiff's home without authorization and damaging Plaintiff's property; (e) misappropriating Plaintiff's intellectual property; and (f) targeting Plaintiff based on discriminatory animus related to Plaintiff's LGBTQ+ status.

66. Under Missouri law, intentional infliction of emotional distress requires proof that the defendant intentionally or recklessly engaged in extreme and outrageous conduct that

caused the plaintiff severe emotional distress. K.G. v. R.T.R., 918 S.W.2d 795, 799-800 (Mo. banc 1996).

67. Defendant's conduct was extreme and outrageous, going beyond all bounds of decency and utterly intolerable in a civilized community.

68. Defendant acted intentionally and recklessly, with knowledge that severe emotional distress was substantially certain to result from its conduct.

69. As a direct and proximate result of Defendant's extreme and outrageous conduct, Plaintiff suffered severe emotional distress, including anxiety, fear, humiliation, psychological trauma, and mental anguish.

70. Plaintiff's severe emotional distress was accompanied by physical manifestations of bodily harm, including neurological damage to Plaintiff's pituitary gland, bodily injury, and ongoing physical pain and suffering.

71. The extreme and outrageous conduct is ongoing and Plaintiff continues to suffer severe emotional distress and physical harm.

72. These acts occurred within the applicable statute of limitations and continue through the date of filing this Complaint.

**COUNT VI: CIVIL ASSAULT AND BATTERY (Missouri Common Law)**

73. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

74. Beginning in or around 2012 and continuing through the present, Defendant, through its agents and employees, intentionally deployed electromagnetic devices and directed energy technologies that subjected Plaintiff to harmful electromagnetic radiation, including voice-to-skull microwave radiation.

75. Under Missouri law, civil assault occurs when a defendant intentionally causes another to apprehend imminent harmful or offensive contact, and battery occurs when a defendant

intentionally causes harmful or offensive contact with another. Phelps v. Bross, 73 S.W.3d 651, 655-57 (Mo. Ct. App. 2002).

76. Defendant's deployment of these technologies caused Plaintiff to apprehend imminent harmful contact with Plaintiff's person, constituting assault.

77. Defendant's deployment of these technologies caused actual harmful and offensive contact with Plaintiff's body through electromagnetic radiation, constituting battery.

78. Defendant acted intentionally and without Plaintiff's consent.

79. The contact was harmful and offensive to a reasonable person and caused Plaintiff actual bodily harm, including neurological damage, physical injury, and pain.

80. As a direct and proximate result of Defendant's assault and battery, Plaintiff has suffered severe physical injuries, pain and suffering, medical expenses, emotional distress, and other damages.

81. Defendant's conduct was willful, wanton, and malicious, entitling Plaintiff to punitive damages.

82. These acts occurred within two years preceding the filing of this Complaint under the statute of limitations for assault and battery actions set forth in Mo. Rev. Stat. § 516.140, and the continuing nature of the tortious conduct brings all acts within the applicable limitations period.

**COUNT VII: INJUNCTIVE RELIEF**

83. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

84. Defendant's ongoing surveillance, monitoring, targeting, use of Plaintiff's intellectual property, and deployment of harmful technologies constitute continuing violations that cause Plaintiff irreparable harm for which there is no adequate remedy at law.

85. Under federal law, injunctive relief is available to prevent ongoing copyright infringement under 17 U.S.C. § 502(a) and ongoing trade secret misappropriation under 18 U.S.C. §

1836(b)(3)(A), and under equitable principles recognized in eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006).

86. Plaintiff will suffer irreparable injury if Defendant is not enjoined from continuing its unlawful conduct, including: (a) ongoing violations of Plaintiff's intellectual property rights causing unmeasurable harm to the value of Plaintiff's works; (b) continuing physical injury from the deployment of harmful technologies; (c) continuing invasion of Plaintiff's privacy through surveillance and monitoring; and (d) continuing emotional distress and psychological harm.

87. The remedies available at law, including monetary damages, are inadequate to compensate Plaintiff for these ongoing harms because the harm is continuous, difficult to quantify, and involves irreplaceable personal and intellectual property rights.

88. The balance of hardships weighs in Plaintiff's favor, as the harm to Plaintiff from ongoing unlawful conduct substantially outweighs any burden on Defendant from ceasing unlawful activity.

89. The public interest favors granting injunctive relief to protect intellectual property rights, prevent ongoing tortious conduct, and vindicate the rights of individuals against unlawful surveillance and physical harm.

90. Plaintiff is entitled to a permanent injunction ordering Defendant to: (a) cease all surveillance, monitoring, tracking, and targeting of Plaintiff; (b) remove all of Plaintiff's personal information from Defendant's systems, networks, databases, and platforms; (c) cease all use, copying, distribution, display, and exploitation of Plaintiff's intellectual property works; and (d) cease deployment of any electromagnetic devices or directed energy technologies directed at Plaintiff.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Tyler Justin Murphy respectfully requests that this Court enter judgment in Plaintiff's favor and against Defendant Meta Platforms, Inc., and grant the following relief:

A. Compensatory damages in the amount of $4,000,000,000,000.00 (four trillion dollars) [Plaintiff's stated demand — courts may scrutinize this figure; consult an attorney regarding realistic damages calculation before filing];

B. Punitive damages in an amount to be determined by the jury, sufficient to punish Defendant for its willful, wanton, and malicious conduct and to deter similar conduct in the future;

C. A permanent injunction ordering Defendant Meta Platforms, Inc., and its officers, directors, employees, agents, and all persons acting in concert with them to:

i. Immediately cease all surveillance, monitoring, tracking, and targeting of Plaintiff;

ii. Immediately remove all of Plaintiff's personal information, data, and records from all of Defendant's systems, networks, databases, servers, platforms, and other repositories;

iii. Immediately cease all use, copying, reproduction, distribution, display, performance, and exploitation of Plaintiff's intellectual property works, including the price action trading theory and technique, the Omnico Collective, the OMNI cryptomoney system, the Trek Collective, the Orgi Collective, the Sym system, the Dyn system, Strike League Simulations, the Kingdom of Light, the Kingdom of Light Universal Army Viper Drones, and the Unico Accelerator and all its contents;

iv. Immediately cease deployment of any electromagnetic devices, directed energy technologies, or other harmful technologies directed at or affecting Plaintiff;

D. Costs of suit, including filing fees and other litigation expenses;

E. Pre-judgment and post-judgment interest as permitted by law; and

F. Such other and further relief as the Court deems just and proper.

## VI. JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

DATED: [DATE OF FILING] 10-8-26

Tyler Justin Murphy, Pro Se
1660 CR 445
Birch Tree, MO 65438
Phone: (417) 505-9040
Email: KingLordEzekiel@icloud.com